## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ZAJAS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-1055-DWD** |
| | ) | |
| **BADGER MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

On September 3, 2020, Plaintiff Zajas, Inc. filed suit against Defendant Badger Mutual Insurance Company in the Circuit Court for the Fourth Judicial Circuit, Clinton County, Illinois. Defendant removed the case to this Court on October 6, 2020. Zajas, Inc. operated a restaurant that purchased insurance policies from Badger Mutual. When the restaurant was forced to close or to reduce business operations significantly due to the Covid-19 pandemic, Zajas made a claim under its Badger Mutual policies but the claim was denied, prompting Plaintiff to file suit. Now before the Court is Defendant's motion to dismiss (Doc. 12) to which Plaintiff responded (Doc. 24) and Defendant replied (Doc. 25). For the reasons delineated below, the Court grants Defendant's motion to dismiss.

### FACTUAL ALLEGATIONS

Plaintiff Zajas, Inc. operates Aviston Family Restaurant located in Clinton County Illinois. Defendant Badger Mutual Insurance Company issued two "all risk" commercial policies to Plaintiff, one that covered the period from April 1, 2019, through April 1, 2020,

and one that covers April 1, 2020, through April 1, 2021.[1] Plaintiff was impacted financially by the "stay at home" orders issued by the State of Illinois in response to the Covid-19 pandemic, which required the restaurant to close to the public for a period of time. Only carryout and delivery services could continue. When its business income dropped, Plaintiff submitted a claim for coverage to its Badger Mutual insurance adjustor. As of the date Plaintiff filed suit, Badger Mutual had not responded to the claim.

Under the policies' business income and extra expense coverage, Badger agreed:

1. **We** will pay for the actual loss of Business Income **you** sustain due to the necessary suspension of **your operations** during the **period of restoration**. The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

2. **Business income** means the:

    a. Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred; but not including any Net Income that would likely have been earned as a result of an increase in the volume of business due to favorable business conditions caused by the impact of the Covered Cause of Loss on customers or on other businesses; and

    b. Continuing normal operating expenses incurred, including payroll.

---

[1] Plaintiff's complaint, which was attached to Defendant's notice of removal, states that the policies were attached as exhibits. (Doc. 1-1). The notice of removal did not include exhibits to the complaint, but Defendant attached copies of the policies to its memorandum in support of its motion to dismiss. (Docs. 13-1, 13-2). In ruling on a motion to dismiss, the Court may consider the complaint and any exhibits thereto. The Court may also consider other documents, like an insurance policy, that "are central to the complaint and are referred to in it," provided that the information is "properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Because it appears the policies were attached to the complaint and because they can be considered otherwise as central to and referenced in the complaint, the Court will consider the policies as submitted by Defendant.

(Doc. 13-1, p. 27; Doc. 13-2, p. 28)(emphasis in originals). If a loss is otherwise covered, coverage may be precluded by the policies' virus or bacteria exclusion:

> The additional exclusion set forth below applies to all coverages, coverage extensions, supplemental coverages, optional coverages, and endorsements that are provided by the policy to which this endorsement is attached, including, but not limited to, those that provide coverage for property, earnings, extra expense, or interruption by civil authority.
>
> 1. The following exclusion is added under Perils Excluded, item 1.:
>
>    **Virus or Bacteria –**
>
>    **We** do not pay for loss, cost, or expense caused by, resulting from, or relating to any virus, bacterium, or other microorganism that causes disease, illness, or physical distress or that is capable of causing disease, illness, or physical distress.
>
>    This exclusion applies to, but is not limited to, any loss, cost, or expense as a result of:
>
>    a. any contamination by any virus, bacterium, or other microorganism; or
>
>    b. any denial of access to the property because of any virus, bacterium, or other microorganism.

(Doc. 13-1, p. 13; Doc. 13-2, p. 14)(emphasis in originals).

Plaintiff alleges that Badger Mutual has breached their contract by failing to cover losses caused by a reduction in business activities that was required by the Covid-19 "stay at home" orders. Plaintiff further alleges that the failure to provide coverage was vexatious and unreasonable in violation of the Illinois Insurance Code. Plaintiff also brings a claim under the Illinois Consumer Fraud and Deceptive Practices Act, suggesting that the denial of coverage was based on Defendant's failure to investigate or on

Defendant's concealment of its knowledge that coverage should have been provided in an attempt to save money.

## LEGAL STANDARD

A complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007)(citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)(citing *Iqbal*, 556 U.S. at 677-678). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Id.*

## ANALYSIS

"[I]nterpretation of an insurance policy is a matter of state law." *Windridge of Naperville Condo. Assoc. v. Philadelphia Indemnity Ins. Co.*, 932 F.3d 1035, 1039 (7th Cir. 2019). The parties agree that Illinois law controls the outcome of their dispute. Under Illinois law an "insurance policy is a contract … . [T]he general rules governing the interpretation of other types of contracts also govern the interpretation of insurance policies." *Id.* (quoting *Hobbs v. Hartford Insurance Co. of the Midwest*, 823 N.E.2d 561, 564

(Ill. 2005)). As the Supreme Court of Illinois has explained, in this context, a court's "primary objective is to ascertain and give effect to the intention of the parties, as expressed in the policy language. If the policy language in unambiguous, the policy will be applied as written, unless it contravenes public policy." *Hobbs*, 823 N.E.2d at 564. Whether there is an ambiguity "turns on whether the policy language is subject to more than one reasonable interpretation." *Id.* An ambiguity exists where "policy language is subject to more than one reasonable interpretation. Although 'creative possibilities' may be suggested, only reasonable interpretations will be considered." *Id.* (citation omitted).

Defendant argues that its coverage for "direct physical loss or damage to" the insured property does not grant business income and extra expense coverage for Plaintiff's lost income related to the Covid-19 business restrictions issued by the State of Illinois. The Court considered whether the phrase "direct physical loss of or damage to" requires physical, tangible damage to insured property before coverage exists or whether coverage is available for intangible, diminutions in value or income that are not tied to an alteration in appearance at the covered premises. *See Smeez, Inc. v. Badger Mutual Insurance Co.*, 20-cv-1132-DWD, Doc. 36. Agreeing with many courts within Illinois and elsewhere, the undersigned found that the Covid-19 virus does not cause "direct physical loss or damage to" covered property under a business income loss policy. *See id.* (citing *Zwill v. Corp. v. Lexington Ins. Co.*, --- F.Supp.3d ---, 2020 WL 7137110 (W.D. Mo. Dec. 2, 2020)(finding no coverage for Covid-19-related reductions in business income where policy covered "direct physical loss of or damage to property); *Bend Hotel Development Company, LLC v. Cincinnati Insurance Company*, --- F.Supp.3d --- 2021 WL 271294 (N.D. Ill.

Jan. 27, 2021)(finding that Covid-19 virus does not cause "direct physical loss or damage to" covered property and noting that the complaint did not allege a need to restore any physical element of the property such that there was a "period of restoration"); *Crescent Plaza Hotel Owner L.P. v. Zurich American Insurance Company*, 2021 WL 633356 (N.D. Ill. Feb. 18, 2021)(dismissing for failure to allege "direct physical loss or damage to" covered hotel); *Bradley Hotel Corp. v. Aspen Specialty Insurance Company*, --- F.Supp.3d ---, 2020 WL 7889047 (N.D. Ill. Dec. 22, 2020)(Covid-19-related losses were not caused by "direct physical loss of or damage to property")).

Plaintiff's arguments in favor of finding a grant of coverage in this case do not differ from, or supplement, the arguments in *Smeez, Inc.* to a degree that leaves the Court inclined to reverse its recent decision. As such, the Court finds that the Badger Mutual insurance policies at issue here do not provide coverage for the damages alleged in Plaintiff's breach of contract claim. In the absence of coverage, Plaintiff's claims under the Illinois Insurance Code and Illinois Consumer Fraud and Deceptive Practices Act fail, as well. Defendant's refusal to cover Plaintiff's claim cannot be "vexatious or unreasonable" where there is a *bona fide* dispute regarding coverage, particularly in light of the lack of coverage for Plaintiff's alleged damages. *See* 215 ILCS 5/155; *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2010). Similarly, Plaintiff's claim that Defendant knowingly and falsely stated that coverage was unavailable cannot survive after a finding that such a statement was not false.

These statutory claims flow from Plaintiff's breach of contract claim and must be dismissed along with it. The Court concludes that the absence of coverage for Plaintiff's

claims is not a pleading deficiency that can be corrected through an amended complaint. As such, Plaintiff's entire complaint will be dismissed with prejudice and without leave to amend.

CONCLUSION

For the above-stated reasons, Defendant Badger Mutual Insurance Company's motion to dismiss (Doc. 12) is **GRANTED**. Plaintiff Zajas, Inc.'s complaint is **DISMISSED with prejudice** and without leave to amend. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

**SO ORDERED.**

Dated: March 23, 2021

_____
DAVID W. DUGAN
United States District Judge